Eric S. Landau (ESL-5013)
LAW OFFICE OF ERIC S. LANDAU
50 Fountain Plaza
Suite 1400
Buffalo, NY 14402
ericslandau@gmail.com
718-440-6723
13478616705
*Attorney for Plaintiff*
*Prime Hookah Inc.*

# UNITED STATES DISTRICT
# COURT FOR THE DISTRICT OF NEW JERSEY

PRIME HOOKAH INC.,
a New Jersey corporation,
                    Plaintiff

**COMPLAINT FOR DAMAGES
AND   INJUNCTIVE RELIEF**

V**.**

**FCM ONLINE LLC**, a New Jersey Corporation,
**MAHMUT KURT an** individual,
**ABC Company** and **DOES 1-10**,

Plaintiff Prime Hookah Inc. (hereinafter "Prime" or "Plaintiff"), by and through its
undersigned counsel, hereby brings this action against Defendants FCM Online LLC, a
New Jersey Corporation, (hereinafter "FCM" and Mahmut Kurt (collectively hereinafter
"Defendants"), and alleges as follows:

<u>INTRODUCTION</u>

1.  This is a civil action for (1) trademark infringement and use of a counterfeit mark
    in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, (2) false
    advertisement in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3)
    false designation of origin (4) unfair competition in violation of the Lanham Act,
    15 U.S.C. § 1125(a)(1)(A); (5) trademark infringement under New Jersey

common law; (6) unfair competition under New Jersey common law (passing off); (7) unfair competition under New Jersey common law (misappropriation); and (8) unfair competition under New Jersey common law (unprivileged imitation of another's product). These claims arise from Defendants' infringement of Plaintiff's trademark in connection with Defendants' unlawful and unauthorized advertisement and sale of its products on the Internet. As a result of Defendants' willful conduct Plaintiff seeks injunctive relief, profits, damages, attorneys' fees and costs, and other relief from this Court. In support of its Complaint, Plaintiff alleges as follows:

<u>PARTIES</u>

2. Prime is now, and at all times relevant herein was, a corporation organized under the laws of the State of New Jersey, with its principal place of business located in South Amboy, New Jersey. Plaintiff has many brands and trademarks including Tanya Herbal (hereinafter " Tanya") and Zebra Smoke (hereinafter " Zebra")

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant FCM Online LLC is New Jersey Corporation operating at 3-08 Leonard Terrace Fair Lawn, New Jersey 07410.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant Kurt is the registered agent for FCM and operates the business.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues said defendants by such fictitious names.

Plaintiff will ask leave of Court to amend this Complaint when the same shall have been ascertained. Plaintiff is informed and believe, and based thereon allege that, each DOE defendant was responsible intentionally, or in some other actionable manner, for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiff, as hereinafter alleged.

6.    Any reference to Defendants shall refer to each named defendant and all DOE defendants, and to each of them, unless otherwise specified.

## Agency

7.    At all times herein mentioned, each Defendant was the agent, servant, joint venturer, partner, or employee of the other Defendants, successor corporations, successors in interest or entities, and in doing the actions herein alleged, were acting within the purpose and scope of said agency or employment at the time of the alleged acts. All Defendants were acting within the scope and course of that agency and employment and with the knowledge and implied and/or express consent and permission of the other Defendants.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1117 and 1121, and 28 U.S.C. §§ 1331 and 1338, in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. § 1051 et seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. The Court has personal jurisdiction over Defendants because FCM is a New Jersey corporation, and they conduct business in New Jersey. In addition Prime

Hookah operates in New Jersey. Therefore Defendants knew or should have known that their activities were directed towards New Jersey, and the effect of those activities would be felt in New Jersey.

10.  The Defendants' business activities were directed to New Jersey, and have therefore committed tortious acts within the State.

11.  The Court also has personal jurisdiction over Defendants because they have purposefully availed themselves of the opportunity to conduct commercial activities in this forum. The Complaint arises out of those commercial activities.

12.  Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) in that substantial injury occurred and continues to occur in this district, a substantial portion of the events that are the subject of this action took place in this district, and Defendants are doing business within this judicial district by advertising, selling and shipping.

## FACTUAL ALLEGATIONS

### Prime Hookah's Trademark

13. Since 2015 Prime has advertised, offered for sale, and sold its hookah related charcoal products and other related products throughout the United States through its own website and through a network of authorized distributors, wholesalers, and retailers. Prime's hookah related products, including its "Zebra Smoke", and "Tanya Herbal" have been widely advertised, offered for sale and sold throughout the United States.

14. Prime has devoted and continues to devote a significant amount of time, energy, and resources to protecting the value of its brands, products, and reputation.

15. As part of this, Prime takes effort to control the quality and integrity of its products to ensure that customers receive accurate information about its advertised products. For instance, Prime does not authorize its products to be bundled for sale with products manufactured and distributed by third parties over whom Prime cannot exercise quality control.

16. To promote and protect the Zebra Smoke, Tanya brands, trademarks have been registered with the United States Patent and Trademark Office, Zebra Smoke (U.S. Trademark Registration No. 5274449) (the "Zebra Trademark") Exhibit A, and Tanya Herbal (U.S. Trademark Registration No. 5701504) (the "Tanya Trademark") Exhibit B.

17. Prime Hookah is the owner of the trademarks for Zebra and Tanya.

18. The registration for Zebra and Tanya's Trademarks are valid, subsisting and in full force and effect.

19. Prime actively uses and markets both the Zebra Smoke and Tanya Trademarks in interstate commerce, including in the State of New Jersey.

20. Because of the quality and reliability of Prime Hookah's products, consumers recognize the Zebra Smoke and Tanya Trademark as being associated with high-quality products in the hookah industry.

21. Because of the quality of its products and its use of the Zebra Smoke and Tanya name, consumers trust their names and products.

22. As a result of their exclusive and extensive use, both Zebra Smoke and Tanya names and its trademark have acquired enormous value and recognition in the United States and throughout the world. Zebra Smoke and Tanya trademark are

well known to the consuming public and within the trade of charcoal. The identifying and distinguishing exclusively and uniquely marks as the source of origin of the high quality hookah related products, including hookah charcoal products to which the marks are applied. Zebra and Tanya's trademarks are both inherently distinctive and famous in the hookah industry.

23.  Due to the superior quality of Zebra and Tanya's products and because Zebra Smoke and Tanya are uniquely recognized as the source of these high quality products, their Trademarks have considerable value.

### Online Marketplaces and the Confusion that Unauthorized Resellers Cause

24.  Consumers who purchase products through online marketplaces cannot touch, inspect, or interact with products before purchasing them. Instead, consumers must trust that the product they select over the Internet will meet the descriptions provided for them in their advertisements and be of the quality they expect and typically receive from the manufacturer.

25.  It is unfortunately common for unauthorized sellers to mix in fake products when shipping products to unwitting consumers. Scott Cohn, Greed Report: Your quest for savings could land you in the "gray market," CNBC, Sept. 8, 2016, Indeed, there is an https://www.cnbc.com/2016/09/08/greed-report-your-quest-for-savings-could-land-you-in-thegray-market.html.  Indeed there is an "epidemic" of counterfeit products being sold on the online marketplaces that diverters are exploiting because they know consumers trust online marketplaces and think that the products they are buying through the marketplaces are genuine. Spencer

Soper, Amazon Gets Real About Fakes, BLOOMBERG, Nov. 28, 2016,

https://www.bloomberg.com/news/articles/2016-11-28/amazon-gets-real-about-fakes.

26.   In its 2018 annual report to its shareholders, in fact, Amazon admitted that third-party sellers on its marketplace may be selling products that are "counterfeit," "pirated," "stolen," or otherwise "materially different" from the product that was described to consumers. Amazon.com, Inc., Annual Report (Form 10-K), at 14 (Jan. 31, 2019), available at

https://www.sec.gov/Archives/edgar/data/1018724/000101872419000004/amzn-20181231x10k.html. Amazon acknowledged that these actions are "violating the proprietary rights of others."

27.   The interface design of many online marketplaces causes consumers to falsely believe that they are always purchasing from the manufacturer when they purchase an online marketplace, or at minimum from an authorized seller that is selling under the manufacturer's oversight and with the manufacturer's approval. Consumers who purchase on Amazon are particularly likely to experience this confusion because, on these sites, all sellers of a product are listed under a single product listing that states "By [name of brand]" immediately under the title of the product—even though many of these products are sold by unauthorized sellers that have no relationship with the manufacturer or brand owner.

28.   Because unauthorized sellers on online marketplaces operate independent of the manufacturer, the manufacturer has no ability to exercise its quality controls over the products sold by unauthorized sellers or to ensure that the products are safe

and authentic. A manufacturer's inability to exercise control over the quality of its products presents serious risks to the health and safety of consumers—particularly when, as here, some of a manufacturer's products are absorbed into consumers' bodies.

29.  For all of these reasons, a vast number of consumers purchase products on online marketplaces without recognizing that they purchased from an unauthorized seller that may not be selling the manufacturer's genuine products.

30.  When a customer purchases on a marketplace and receives a product that is counterfeit, of poor quality, or otherwise not the product that was advertised, the customer is likely to associate that frustration with the brand or the manufacturer than the seller.

31.  Online marketplaces give disgruntled consumers a powerful and convenient forum to air their grievances: product reviews. Any consumer who is dissatisfied with a product he or she receives can post a review on the marketplace for all other consumers to see.

## DEFENDANTS' WRONGFUL ACTIVITIES

## Defendants Used Prime Trademark to Sell Defendants' Own Products on Their Amazon Storefront

32.  Defendants operate an online storefront on Amazon called "FCM ONLINE LLC," Merchant ID ATVPDKIKX0DER (the "Amazon Storefront" or the "Storefront"). The Amazon Storefront can be accessed via the

https://www.amazon.com/sp?_encoding=UTF8&asin=&isAmazonFulfilled=&isC

BA=&marketplaceID=ATVPDKIKX0DER&orderID=&protocol=current&seller
=A3GBW2X26PSZU6&sshmPath

33.   Defendant has advertised and sold goods under Zebra Smoke and Tanya's
Trademarks in connection with the advertisement and sales for non Zebra Smoke
and Tanya products.

34.   Defendants use the Zebra Smoke and Tanya's in their product listings to
encourage sales of products on their storefront.

35.   Defendants currently have at least seven product listings that advertise Zebra
Smoke and Tanya products.

36.   Based on Prime's investigation, Defendants do not actually ship Zebra Smoke
and Tanya products with any of these listings. Instead, Defendants ship other
products then the Zebra Smoke and Tanya products that were advertised and
listed on the invoices.

37.   For instance, on February 28th 2021 sold and shipped off their website a " Hookah
Starter Pro by Zebra Smoke".  Exhibit C

38.    None of the packages received in the orders contained Hookah Starter Pro by
Zebra Smoke.

39.   Prime first became aware that Defendants were falsely using the Zebra Smoke
and Tanya's Trademarks in its product listings around February 14th 2021. On
information and belief, Defendants' misappropriation of the Zebra Smoke and
Tanya's Trademarks began substantially earlier.

40. Following warnings and a test sale the Plaintiff sent a letter asking for an immediate cease and desist, which arrived at the Defendants on March 19th 2021. Exhibit D.

41. After several months of advertising, marketing and selling products based on the listings of Zebra and Tanya's products the Plaintiff sent one final email to warn the Defendants to cease and desist, which they have substantially ignored. Exhibit E.

**Defendants Are Creating a Likelihood of Consumer Confusion By Exploiting the Zebra Smoke and Tanya's Trademarks in Connection with Online Sales on Defendants' Amazon Storefront**

42. Defendants perpetrate their scheme by advertising Amazon products listings in a manner that falsely suggests that Defendants are the manufacturers or authorized sellers of Zebra and Tanya products or are otherwise affiliated with Prime.

43. Defendants are not authorized to sell Zebra Smoke and Tanya products or to use the Zebra Smoke and Tanya Trademarks on the Amazon Storefront or via any other means. Prime is not affiliated or authorized the Defendants in any way.

44. Defendants' listings are materially misleading to consumers, who believe they are purchasing Zebra Smoke and Tanya products.

45. One such listing is for Hookah Coal Burner with 72 Pcs Coconut Charcoal for Hookah, Shisha, Nargila.  https://www.amazon.com/Hookah-Burner-Coconut-Charcoal-Nargila/dp/B07GPW9THG/ref=sr_1_51?_encoding=UTF8&dchild=1&m=A3GBW2X26PSZU6&marketplaceID=ATVPDKIKX0DER&path=%2FHookah-

[Burner-Coconut-Charcoal-Nargila%2Fdp%2FB07GPW9THG%2Fref%3Dsr_1_51%3Fdchild%3D1&qid=1621612239&s=merchant-items&sr=1-51&useRedirectOnSuccess=1&returnFromLogin=1&](#). It is listed on FCM ONLINE LLC's Amazon Store as a Zebra Smoke product. Neither the Plaintiff nor their representatives have ever authorized this listing or using the Zebra Smoke name or product line for this listing. An image of this listing is pictured below:



46. The Defendants also have a listing for Tanya Hookah Lolly Pop Candy Tips Super Male Plastic Disposable Hookah Colorful Tips 10PK.

[https://www.amazon.com/Tanya-Hookah-Plastic-DIsposable-Colorfull/dp/B08P63DWVQ/ref=sr_1_1?dchild=1&keywords=Tanya&m=A3GBW2X26PSZU6&qid=1623272383&s=merchant-items&sr=1-1](#). This product is not only listed as a Tanya brand, but it also has the Tanya brand name in the label of the product. Neither the Plaintiff nor their representatives have ever authorized

this listing or using the Tanya brand name or product line for this listing.  An

image of this listing is pictured below:



47. In addition the Defendants have a listing for Hookah Starter Pro

https://www.amazon.com/HSP-HSP5-0-Hookah-Starter-

Pro/dp/B00Z1R151U/ref=sr_1_58?dchild=1&m=A3GBW2X26PSZU6&marketpl

aceID=ATVPDKIKX0DER&qid=1621612239&s=merchant-items&sr=1-58. The

Hookah Starter Pro is known and synomous with the Zebra Smoke brand and

logo.



48. The Defendants also had a listing for 100 Color Male Hookah Hose Mouth Tips,

with Round Mouthpiece. https://www.amazon.com/Color-Hookah-Mouth-Round-

[Mouthpiece/dp/B01KR7U92Y/ref=sr_1_114?dchild=1&m=A3GBW2X26PSZU6](Mouthpiece/dp/B01KR7U92Y/ref=sr_1_114?dchild=1&m=A3GBW2X26PSZU6) [&marketplaceID=ATVPDKIKX0DER&qid=1621612588&s=merchant-](Mouthpiece/dp/B01KR7U92Y/ref=sr_1_114?dchild=1&m=A3GBW2X26PSZU6) [items&sr=1-114](Mouthpiece/dp/B01KR7U92Y/ref=sr_1_114?dchild=1&m=A3GBW2X26PSZU6). This product is known and synomous with Zebra Smoke brand and logo.

49.  Similarly the Defendants posted Zebra Smoke Series: 11" 2 Hose Pumpkin Hookah with Cage- Complete Set. [https://www.amazon.com/Zebra-Smoke-Pumpkin-Hookah-Complete/dp/B00X2Y01SW/ref=sr_1_2?dchild=1&keywords=zebra%2Bsmoke&m=A3GBW2X26PSZU6&qid=1623377201&s=merchant-items&sr=1-2&th=1](https://www.amazon.com/Zebra-Smoke-Pumpkin-Hookah-Complete/dp/B00X2Y01SW/ref=sr_1_2?dchild=1&keywords=zebra%2Bsmoke&m=A3GBW2X26PSZU6&qid=1623377201&s=merchant-items&sr=1-2&th=1). This product set is known and synomous with Zebra Smoke brand and logo.



50.  This case is about Defendants' egregious infringement of Prime's intellectual property rights, and other violations of federal law. It is egregious because Defendants have, without the consent of Prime, advertised, and used Prime's trademarked logos and products for sales in order to generate sales on their storefront.

51.  Defendants seek to mislead the public into believing that they are purchasing Zebra Smoke and Tanya products or that Defendants' products are related to

Prime's products. Defendants' representations are intended to confuse consumers as to Defendants' association with Zebra Smoke and Tanya.

52. Upon information and belief, through the Amazon Storefront, Defendants are accepting and fulfilling orders from New Jersey residents and residents of various other states for products whose advertisement listings misappropriate both the Zebra Smoke and Tanya Trademarks, and Defendants are shipping those products to customers located in New Jersey and various other states.

53. Upon information and belief, Defendants perpetrate their campaign to infringe Zebra Smoke and Tanya's Trademarks and trade on the goodwill of the both of their brands, marks and reputation.

**Defendants' Malfeasance In Displaying Prime's Trademarked Products and Logos Was Willful and Intentional**

54.  Defendants are intentionally using the Zebra Smoke and Tanya Trademarks for the Defendants' product listings to confuse consumers into buying infringing and counterfeit goods. Further they are profiting off of Zebra, Tanya and Prime's goodwill and reputation.  Defendants have continued to conduct their infringing sales despite numerous requests to cease and desist their conduct.

55. However, all the listing and several others were still listed months later, at the time of this complaint.

56. In all cases, Defendants advertised, and displayed Zebra and Tanya's logo, and products on their Amazon storefront. However, Defendants did not, in fact, ship consumers Zebra-Tanya brands or any other products from Prime.

57. As a proximate result of Defendants' actions, Prime has suffered, and will continue to suffer, irreparable harm to its goodwill, business, and to the Zebra and Tanya Trademark. In addition to lost sales of Zebra and Tanya products diverted through Defendants' infringing listings, Prime has suffered economic harm owing to reputational damage caused by consumers' association of Zebra, Tanya and other products of the Plaintiff with Defendants' inferior products.

58. Defendants' conduct was knowing, intentional, willful, malicious, wanton, and contrary to law.

59. Prime is entitled to injunctive relief because Defendants will otherwise continue to unlawfully use the Plaintiff's Trademarks to sell Defendants' products. Defendants' ongoing illegal conduct has caused, and will continue to cause, irreparable harm to Prime's goodwill, and has caused, and will continue to cause, Prime to lose business.

60. Defendants advertised, imported, distributed, transported, sold, offered for sale, or assisted in and/or caused the importation, distribution, transportation, and/or sale or offer for sale of the unauthorized sales of Zebra and Tanya products.

61. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said Zebra and Tanya product lines and for Defendants to gain the benefit of the enormous goodwill associated with the Zebra and Tanya, trademark and name. The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the Zebra and Tanya brand, logo and trademark.

**FIRST CAUSE OF ACTION**

## Trademark Infringement and Use of a Counterfeit Mark

## 15 U.S.C. § 1114

62.   Prime repeats each and every allegation set forth in paragraphs 1 through 61 above as if fully set forth herein.

63.   Both Zebra Smoke and Tanya are registered with the USPTO.

64.  Prime is the Owner for both Zebra and Tanya Trademarks.

65.  Prime has maintained its trademarks as valid, subsisting in full force and effect.

66.  By Prime having their trademarks it is a means that their products and services are distinguishable in the marketplace throughout the United States, including New Jersey.

67.  Prime has expended substantial time, effort, money, and resources advertising and promoting its products under the Zebra Smoke and Tanya Trademarks. Products bearing both Trademarks are sold by Prime and its representatives exclusively throughout the United States, including New Jersey. Prime is widely recognized as the designated source of goods bearing the Zebra and Tanya Trademarks.

68.  Defendants willfully and knowingly used, and continue to use without authorization from spurious designations of Prime's trademarked logo and its products in commerce on the Amazon Storefront for the purpose of selling Defendants' products.

69.  Defendants' use of the Plaintiff's Trademarked logos and likeness in connection with advertising and marketing on the Defendant's Amazon store is likely to cause consumer confusion, cause mistake, or deceive consumers because it suggests that the products offered for sale by Defendants are actual authentic

Zebra and Tanya products, or that they originate from, are sponsored by, authorized by, approved by, or otherwise connected with Prime.

70. The products sold by Defendants, in fact, are not Zebra, Tanya or any other of the Plaintiff's genuine products and they are not sponsored by, approved by, or otherwise connected with Prime. Defendants' bait and-switch scheme constitutes the sale of goods using a counterfeit mark.

71.  Defendants' unauthorized use of the Zebra and Tanya Trademarks has materially damaged the value of the Prime's Trademarks, and caused significant damage to Prime's business relations, and infringed on their Trademark.

72. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Defendants, and their counterfeit goods are associated with Zebra, Tanya and Prime.

73.  Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

74. FCM was directed and controlled by the actions of Mahmut Kurt who operates and directs the company.

75.  Such conduct on the part of Defendants has injured the Zebra, and Tanya names, brands, logos and trademarks in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Prime for which Prime has no adequate remedy at law.

76. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

77. Prime is entitled to recover damages caused by Defendants' infringement of the Zebra and Tanya's Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

78. Pursuant to 15 U.S.C. § 1116, Prime is entitled to injunctive relief enjoining Defendants' infringing conduct.

79. Pursuant to 15 U.S.C. § 1117(a), Prime is entitled to enhanced damages and an award of attorneys' fees.

80. Pursuant 15 U.S.C. § 1117(b), Prime is entitled to treble damages for use of a counterfeit mark.

## SECOND CAUSE OF ACTION

### False Advertising

### 15 U.S.C. § 1125(a)(1)(b)

81. Prime repeats each and every allegation set forth in paragraphs 1 through 80 above as if fully set forth herein.

82. Both Zebra Smoke and Tanya are registered with the USPTO.

83. Prime is the Owner for both Zebra Smoke and Tanya.

84. Prime has maintained its trademarks as valid, subsisting in full force and effect.

85. Defendants willfully and knowingly used, and continue to use without authorization from spurious designations of Prime's trademarked logo and its

products in commerce on the Amazon Storefront for the purpose of selling Defendants' products.

86. Defendants' unauthorized and deceptive use of the both the Zebra and Tanya Trademarks on their Amazon Storefront and elsewhere on the Internet is material and likely to influence consumers to purchase Defendants' products, as consumers are likely to believe that products advertised by Defendants using Prime's Trademarks are authentic products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime.

87. FCM was directed and controlled by the actions of Mahmut Kurt who operates and directs the company.

88. Defendants' unauthorized use both Zebra and Tanya Trademark in advertising has materially damaged the value of both Trademarks and caused significant damage to Prime's business relations relating to these trademarks and to their company's reputation.

89. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

90. Prime is entitled to recover damages caused by Defendants' infringement of the Zebra and Tanya's Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

91. Pursuant to 15 U.S.C. § 1116, Prime is entitled to injunctive relief enjoining Defendants' infringing conduct.

92. Pursuant to 15 U.S.C. § 1117(a), Prime is entitled to enhanced damages and an award of attorneys' fees.

93. Pursuant 15 U.S.C. § 1117(b), Prime is entitled to treble damages for use of a counterfeit mark.

## THIRD CAUSE OF ACTION

## (FALSE DESIGNATION OF ORIGIN)

94. Prime repeats each and every allegation set forth in paragraphs 1 through 93 above as if fully set forth herein.

95. Both Zebra Smoke and Tanya are registered with the USPTO.

96. Prime is the Owner for both Zebra Smoke and Tanya.

97. Prime has maintained its trademarks as valid, subsisting in full force and effect.

98. Defendants' use of the Zebra and Tanya, trademarks, without consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15U.S.C.§l125 (a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public caused by Defendants bearing counterfeit and infringing Zebra and Tanya trademarks.

99. Defendants willfully and knowingly used, and continue to use without authorization from spurious designations of Prime's trademarked logo and its products in commerce on the Amazon Storefront for the purpose of selling Defendants' products.

100. Defendants' unauthorized and deceptive use of the both the Zebra and Tanya Trademarks on their Amazon Storefront and elsewhere on the Internet is material

and likely to influence consumers to purchase Defendants' products, as consumers are likely to believe that products advertised by Defendants using Prime's Trademarks are authentic products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime.

101. FCM was directed and controlled by the actions of Mahmut Kurt who operates and directs the company.

102. Defendants' unauthorized use both Zebra and Tanya Trademark in displaying its logo and products has materially damaged the value of both Trademarks and caused significant damage to Prime's business relations relating to these trademarks and to their company's reputation.

103. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

104. Prime is entitled to recover damages caused by Defendants' infringement of the Zebra and Tanya's Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

105. Pursuant to 15 U.S.C. § 1116, Prime is entitled to injunctive relief enjoining Defendants' infringing conduct.

106. Pursuant to 15 U.S.C. § 1117(a), Prime is entitled to enhanced damages and an award of attorneys' fees.

107. Pursuant 15 U.S.C. § 1117(b), Prime is entitled to treble damages for use of a counterfeit mark.

## FOURTH CAUSE OF ACTION

### Unfair Competition (Passing Off)

### 15 U.S.C. § 1125(a)

108. Prime repeats each and every allegation set forth in paragraphs 1 through 107 above as if fully set forth herein.

109. Both Zebra Smoke and Tanya are registered with the USPTO.

110. Prime is the Owner for both Zebra Smoke and Tanya.

111. Prime has maintained its trademarks as valid, subsisting in full force and effect.

112. As a result of Plaintiff's widespread use of Plaintiff's Mark, Plaintiff's Mark has achieved substantial goodwill, recognition and reputation throughout the United States.

113. Prime has expended substantial time, effort, money, and resources advertising and promoting its products under the Zebra Smoke and Tanya Trademark.

114. Products bearing both Trademarks are sold by Prime and its representatives exclusively throughout the United States, including New Jersey. Prime is widely recognized as the designated source of goods bearing the Zebra and Tanya Trademarks.

115. Defendants knowingly and willfully have used and continue to use without authorization from spurious designations the name, Zebra Smoke and Tanya 's word(s) name, term(s), logo, products, marketing, listings on Amazons, as well as combinations thereof, and have made false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the

affiliation connection, or association in the relevant marketplace with Plaintiff's

Mark, in the State of New Jersey, and across numerous other states where

Plaintiff and Defendants conduct business on the Amazon Storefront for the

purpose of selling Defendants' products.

116. Defendants advertise Zebra and Tanya's name, products through Amazon listings

images, trademark, and likeness in order to make sales of non-Zebra and Tanya.

117. However whenever consumers purchases of the products bearing the Zebra or

Tanya Trademark in its product listings, Defendants would ship non-Zebra or

Tanya.

118. Defendants have solicited business using the Zebra and Tanya's name, logo,

product line and their Amazon listings, despite its knowledge that Plaintiff owns

and controls the lawful use of Plaintiff's Mark.

119. Defendants' unauthorized and deceptive use of the Zebra and Tanya Trademark

on their Amazon Storefront and elsewhere on the Internet is material and likely to

cause consumer confusion, cause mistake, or deceive an appreciable number of

ordinarily prudent purchasers to purchase Defendants' products. To wit,

consumers are likely to believe that products advertised by Defendants using the

Zebra and Tanya Trademarks are Prime products and originate from, or are

sponsored by, authorized by, approved by, or otherwise connected with Prime.

120. These acts by Defendants constitute unfair competition in violation of § 43(a) of

the Lanham Act, 15 U.S.C. 1125(a).

121. Defendants' actions demonstrate an intentional, willful and malicious intent to

trade on the goodwill associated with the Zebra Smoke.

122. FCM was directed and controlled by the actions of Mahmut Kurt who operates and directs the company.

123. Defendants' unauthorized use both Zebra and Tanya Trademark in displaying its logo and products has materially damaged the value of both Trademarks and caused significant damage to Prime's business relations relating to these trademarks and to their company's reputation.

124. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

125. Prime is entitled to recover damages caused by Defendants' infringement of the Zebra and Tanya's Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

126. Pursuant to 15 U.S.C. § 1116, Prime is entitled to injunctive relief enjoining Defendants' infringing conduct.

127. Pursuant to 15 U.S.C. § 1117(a), Prime is entitled to enhanced damages and an award of attorneys' fees.

128. Pursuant 15 U.S.C. § 1117(b), Prime is entitled to treble damages for use of a counterfeit mark.

## FIFTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER NEW JERSEY COMMON LAW

129. Prime repeats each and every allegation set forth in paragraphs 1 through 128 above as if fully set forth herein.

130. This claim arises under the laws of New Jersey.

131. Plaintiff's mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace.

132. Defendants advertised and used Zebra and Tanya's name, image, trademark and likeness in order to make sales of fake products.

133. Prime has expended substantial time, effort, money, and resources advertising and promoting its products under the Zebra Smoke and Tanya Trademark.

134. Products bearing both Trademarks are exclusively sold by Prime and its representatives throughout the United States, including New Jersey. Prime is widely recognized as the designated source of goods bearing the Zebra and Tanya Trademarks.

135. Defendants willfully and knowingly used, and continue to use without authorization from spurious designations of Prime's trademarked logo and its products in commerce on the Amazon Storefront for the purpose of selling Defendants' products.

136. Defendants' unauthorized and deceptive use of the both the Zebra and Tanya Trademarks on their Amazon Storefront and elsewhere on the Internet is material and likely to influence consumers to purchase Defendants' products, as consumers are likely to believe that products advertised by Defendants using Prime's Trademarks are authentic products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime.

137. Defendants knowingly and willfully have used and continue to use the name, and images of Zebra and Tanya, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with Plaintiff's Mark, in the State of New Jersey, and across numerous other states where Plaintiff and Defendants conduct business.

138. Defendants' use of the Plaintiff's Trademarked logos and likeness in connection with advertising and marketing on the Defendant's Amazon store is likely to cause consumer confusion, cause mistake, or deceive consumers because it suggests that the products offered for sale by Defendants are actual authentic Zebra and Tanya products, or that they originate from, are sponsored by, authorized by, approved by, or otherwise connected with Prime.

139. Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the Zebra and Tanya's, trademarks to the great and irreparable injury to Prime. This is especially true, because Defendants still advertised and sold the infringing product a while after being warned.

140. The products sold by Defendants, in fact, are not Zebra, Tanya or any other of Prime 's genuine products and they are not sponsored by, approved by, or otherwise connected with Prime. Defendants' bait and-switch scheme constitutes the sale of goods using a counterfeit mark.

141. Defendants' unauthorized use of the Zebra and Tanya Trademarks in advertising has materially damaged the value of the Zebra, Tanya and Prime's other Trademarks, caused significant damage to Prime's business relations, and infringed on the Zebra and Tanya's Trademarks.

142. Defendants' acts constitute common law trademark infringement under New Jersey State Law, and have created and will continue to create a likelihood of confusion of the Zebra, Tanya lines. Thus will cause irreparable injury to Prime unless restrained by this Court. Prime has no adequate remedy at law for this injury.

143. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

144. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

145. Prime is entitled to recover damages caused by Defendants' infringement of the Zebra and Tanya Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

146. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

147. In harming Prime, Defendants have acted with willful misconduct and actual malice. Accordingly, Prime is entitled to an award of punitive damages

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

### (PASSING OFF)

148. Prime repeats each and every allegation set forth in paragraphs 1 through 147 above as if fully set forth herein.

149. This claim arises under the laws of New Jersey

150. Plaintiff's mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace.

151. Defendants advertised and used Zebra and Tanya's name, image, trademark and likeness in order to make sales of fake products.

152. Prime has expended substantial time, effort, money, and resources advertising and promoting its products under the Zebra Smoke and Tanya Trademark. Products bearing both Trademarks are sold by Prime and its representatives exclusively throughout the United States, including New Jersey. Prime is widely recognized as the designated source of goods bearing the Zebra and Tanya Trademarks.

153. Defendants willfully and knowingly used, and continue to use without authorization from spurious designations of Prime's trademarked logo and its products in commerce on the Amazon Storefront for the purpose of selling Defendants' products.

154. Defendants' unauthorized and deceptive use of the both the Zebra and Tanya Trademarks on their Amazon Storefront and elsewhere on the Internet is material and likely to influence consumers to purchase Defendants' products, as consumers are likely to believe that products advertised by Defendants using

Prime's Trademarks are authentic products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime.

155. Defendants advertise their own products as those of the Plaintiff through Amazon listings that reflect Zebra and Tanya products for sale. However when consumers purchases of these products bearing the Zebra and Tanya Trademarks in its product listings, Defendants instead sent to consumers inferior products from its store.

156. Defendants' unauthorized and deceptive use of the Zebra and Tanya Trademark on their Amazon Storefront and elsewhere on the Internet is material and likely to cause consumer confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers to purchase Defendants' products. To wit, consumers are likely to believe that products advertised by Defendants using the Plaintiff's Trademarks are Zebra, Tanya products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime. Furthermore when they see the inferior product they may believe it is a substitute item that is also produced by Prime. The Defendants' unauthorized use of the Zebra and Tanya Trademarks in advertising has materially damaged the value of the Zebra and Tanya Trademark and caused damage to Prime's business relations.

157. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

158. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

159. Prime is entitled to recover damages caused by Defendants' infringement of the Zebra and Tanya Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

160. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

161. In harming Prime, Defendants have acted with willful misconduct and actual malice. Accordingly, Prime is entitled to an award of punitive damages.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

### (Misappropriation)

162. Prime repeats each and every allegation set forth in paragraphs 1 through 161 above as if fully set forth herein.

163. This claim arises under the laws of New Jersey

164. Plaintiff's mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace.

165. Defendants advertised and used Zebra and Tanya's name, image, trademark and likeness in order to make sales of fake products.

166. Prime has expended substantial time, effort, money, and resources advertising and promoting its products under the Zebra Smoke and Tanya Trademark. Products bearing both Trademarks are sold by Prime and its representatives exclusively throughout the United States, including New Jersey. Prime is widely recognized as the designated source of goods bearing the Zebra and Tanya Trademarks.

167. Defendants willfully and knowingly used, and continue to use without authorization from spurious designations of Prime's trademarked logo and its products in commerce on the Amazon Storefront for the purpose of selling Defendants' products.

168. Defendants' unauthorized and deceptive use of the both the Zebra and Tanya Trademarks on their Amazon Storefront and elsewhere on the Internet is material and likely to influence consumers to purchase Defendants' products, as consumers are likely to believe that products advertised by Defendants using Prime's Trademarks are authentic products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime.

169. Defendants advertise their own products as those of the Plaintiff through Amazon listings that reflect Zebra and Tanya products for sale. However when consumers purchases of these products bearing the Zebra and Tanya Trademarks in its product listings, Defendants instead sent to consumers inferior products from its store.

170. Defendants' unauthorized and deceptive use of the Zebra and Tanya Trademark on their Amazon Storefront and elsewhere on the Internet is material and likely to

cause consumer confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers to purchase Defendants' products. To wit, consumers are likely to believe that products advertised by Defendants using the Plaintiff's Trademarks are Zebra, Tanya products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime. Furthermore when they see the inferior product they may believe it is a substitute item that is also produced by Prime. The Defendants' unauthorized use of the Zebra and Tanya Trademarks in advertising has materially damaged the value of the Zebra and Tanya Trademark and caused damage to Prime's business relations.

171. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

172. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

173. Prime is entitled to recover damages caused by Defendants' infringement of the Zebra and Tanya Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

174. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

175. In harming Prime, Defendants have acted with willful misconduct and actual malice. Accordingly, Prime is entitled to an award of punitive damages.

**EIGHTH CAUSE OF ACTION**
**UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW**
(Unprivileged Imitation Of Another's Product)

176. Prime repeats each and every allegation set forth in paragraphs 1 through 175 above as if fully set forth herein.

177. This claim arises under the laws of New Jersey

178. Plaintiff's mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace.

179. Defendants advertised and copied for use Zebra and Tanya's name, image, trademark and likeness in order to make sales of fake products.

180. Prime has expended substantial time, effort, money, and resources advertising and promoting its products under the Zebra Smoke and Tanya Trademark. Products bearing both Trademarks are sold by Prime and its representatives exclusively throughout the United States, including New Jersey. Prime is widely recognized as the designated source of goods bearing the Zebra and Tanya Trademarks.

181. Defendants willfully and knowingly used, and continue to use without authorization from spurious designations of Prime's trademarked logo and its products in commerce on the Amazon Storefront for the purpose of selling Defendants' products.

182. Defendants' unauthorized and deceptive use of copying both the Zebra and Tanya Trademarks on their Amazon Storefront and elsewhere on the Internet is material and likely to influence consumers to purchase Defendants' products, as

consumers are likely to believe that products advertised by Defendants using Prime's Trademarks are authentic products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime.

183. Defendants advertise their own products as those of the Plaintiff through Amazon listings that reflect Zebra and Tanya products for sale. However when consumers purchases of these products bearing the Zebra and Tanya Trademarks in its product listings, Defendants instead sent to consumers inferior products from its store.

184. Defendants' unauthorized and deceptive use of the Zebra and Tanya Trademark on their Amazon Storefront and elsewhere on the Internet is material and likely to cause consumer confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers to purchase Defendants' products. To wit, consumers are likely to believe that products advertised by Defendants using the Plaintiff's Trademarks are Zebra, Tanya products and originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Prime. Furthermore when they see the inferior product they may believe it is a substitute item that is also produced by Prime. The Defendants' unauthorized use of the Zebra and Tanya Trademarks in advertising has materially damaged the value of the Zebra and Tanya Trademark and caused damage to Prime's business relations.

185. As a result of the Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

186. The aforementioned collective acts of the Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

187. Prime is entitled to recover damages caused by Defendants' infringement of the Zebra and Tanya Trademarks and to disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

188. The Defendants will, if not preliminary and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

189. In harming Prime, Defendants have acted with willful misconduct and actual malice. Accordingly, Prime is entitled to an award of punitive damages.

**CONDITIONS PRECEDENT**

190. All conditions precedent to Prime's claims for relief, if any, has occurred or has been performed.

**REQUEST FOR ATTORNEYS' FEES**

190. Prime is entitled to recover its attorneys' fees and costs for this action, pursuant to the federal and state law identified herein, and Prime hereby seek such recovery from Defendants of all its reasonable and necessary attorneys' fees and costs for prosecuting this action and obtaining the relief requested herein.

**PRAYER FOR RELIEF**

WHEREFORE, Prime demands judgment as follows:

A. Judgment in favor of Prime and against Defendants in an amount to be determined at trial including, but not limited to

i)      Awarding Prime, at its election, statutory damages in the amount of
$2,000,000.00 per mark for each type of good in connection with which
Defendants used counterfeit images of Zebra and Tanya.

ii)     Actual damages sustained as a result of Defendants' wrongful actions;

iii)    Defendants' profits made as a result of Defendants' wrongful actions;

iv)      Exemplary and/or treble damages;

v)      Restitution, including disgorgement of profits, punitive damages

vi)      Awarding Prime its costs and reasonable attorneys' and investigatory fees
and expenses

vii)     An award of prejudgment and post-judgment interest and costs of suit; as
permitted by law

B. Permanently enjoining and restraining Defendants, their respective subsidiaries,
affiliates, divisions, officers, directors, principals, servants, employees, successors and
assigns, and all those in active concert or participation with them:

i. Enjoining the Defendants from advertising, marketing, selling or in any other way
using Zebra and Tanya, or any of the Plaintiff's trademarks' names, logos or trademarks
without the consent of Prime.

ii. Enjoining the Defendants from using any of the Zebra and Tanya Trademarks in
any manner, including advertising on the Internet including on the Amazon
Storefront

iii Enjoining the Defendants from importing, exporting, manufacturing,
producing, distributing, circulating, selling, offering to sell, advertising,
promoting, or displaying any and all Zebra and Tanya's products as well as any products
bearing any of Prime's Trademark,

iv) Enjoining the Defendants from disposing of, destroying, altering,

moving, removing, concealing, or tampering with any records related to any

products sold by them which contain the Zebra, Tanya or any other of Prime's

Trademarks, including: invoices, correspondence with vendors and distributors, bank

records, account books, financial statements, purchase contracts, sales receipts, and

any other records that would reflect the source of the products that

Defendants have sold bearing these trademarks,

v) Requiring the Defendants to take all action to remove from the

Enjoined Parties' websites any reference to any Zebra and Tanya products,

trademarks, or any other trademarks belonging to Prime.

vi) Requiring the Defendants to take all action, including but not limited

to, requesting removal from the Internet search engines (such as Google,

Yahoo!, and Bing), to remove from the Internet any instance of the Zebra and Tanya

Trademarks which associate Zebra and Tanya products or the Zebra, Tanya Trademarks

from the enjoined Defendants, or the enjoined website.

vii) Requiring the Defendants to take all action to remove the Zebra and Tanya

Trademarks from the Internet, including from the Amazon Storefront;

C. Directing that this Court retain jurisdiction of this action for the purpose of enabling

Plaintiff to apply to the Court at any time for such further orders and interpretation or

execution of any order entered in this action for the modification of any such order, for

the enforcement or compliance therewith and for the punishment of any violations

thereof.

D. Awarding Prime such other and further relief as the Court may deem just and proper

Respectfully Submitted

July 19th  2021

\s\ Eric S. Landau
Eric S. Landau
LAW OFFICE OF ERIC S. LANDAU
50 Fountain Plaza
Suite 1400
Buffalo, NY 14202
ericslandau@gmail.com
718-440-6723
13478616705
*Attorney for Plaintiff*
*Prime Hookah Inc.*

# EXHIBIT A



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Mon Jul 19 03:17:22 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  **List At:** [＿＿＿] OR Jump to record: [＿＿＿]  **Record 1 out of 3**

---

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| **Word Mark** | **ZEBRA SMOKE** |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Electric cigarettes; Electronic hookahs; Hookah parts, namely, hoses, bowls, mouthpieces, bases; Hookah tobacco; Hookahs; Smokers' articles, namely, hookah charcoal; Tobacco water pipes. FIRST USE: 20150101. FIRST USE IN COMMERCE: 20150101 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 87141874 |
| **Filing Date** | August 17, 2016 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 13, 2017 |
| **Registration Number** | 5274449 |
| **Registration Date** | August 29, 2017 |
| **Owner** | (REGISTRANT) Jajati, Dani INDIVIDUAL UNITED STATES 460 Broadway Bayonne NEW JERSEY 07002 |
| | (LAST LISTED OWNER) PRIME HOOKAH CORPORATION NEW JERSEY 460 BROADWAY BAYONNE NEW JERSEY 07002 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SMOKE" APART FROM THE MARK AS SHOWN |

| | |
|---|---|
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP  PREV LIST  CURR LIST  NEXT LIST  FIRST DOC  PREV DOC  NEXT DOC  LAST DOC

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT B



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Mon Jul 19 03:17:22 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **TANYA HERBAL** HOOKAH MOLASSES |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Hookah parts, namely, hoses, bowls, mouthpieces, and bases; Hookah tobacco; Hookahs; Smoking pipes; Tobacco water pipes. FIRST USE: 20180310. FIRST USE IN COMMERCE: 20180310 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 10.01.05 - Water pipes (hookahs) [smokers' materials] <br> 26.01.21 - Circles that are totally or partially shaded. |
| **Serial Number** | 87953346 |
| **Filing Date** | June 7, 2018 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | January 1, 2019 |
| **Registration Number** | 5701504 |
| **Registration Date** | March 19, 2019 |
| **Owner** | (REGISTRANT) Prime Hookah Inc CORPORATION NEW JERSEY 460 BROADWAY BAYONNE NEW JERSEY 07002 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HERBAL HOOKAH MOLASSES" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a circle that is divided in a shadow shape of a hookah pipe followed by an upper-case "T" hovering over the circle followed by "anya" to completely spell out the term "TANYA". Underneath the word "TANYA" are the words "Heral Hooka Molasses". |

| | |
|---|---|
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | **LIVE** |

# EXHIBIT C



FIRST-CLASS PKG
U.S. POSTAGE PAID
ATFM
e-Postage

# F

## USPS FIRST-CLASS PKG ®

Mailed From 07410
WT: 4.00 oz

FCM ONLINE LLC
3-08 LEONARD TER
FAIR LAWN NEW JERSEY 07410-4805

SHIP    Amazon Sller
TO:     15 LIBRARY CT
        BAYONNE NJ 07002-3763

### USPS TRACKING # EP

9300 1201 1140 5893 3398 60

**amazon**.com

### Final Details for Order #113-8268169-2635427

Print this page for your records.

**Order Placed:** February 28, 2021
**Amazon.com order number:** 113-8268169-2635427
**Order Total:** $16.73

### Shipped on February 28, 2021

| Items Ordered | Price |
|---|---|
| 1 of: *Hookah Starter Pro*<br>Sold by: FCM ONLINE LLC (seller profile)<br><br>Condition: New | $15.69 |

**Shipping Address:**
Amazon Sller
15 library ct
Bayonne, NJ 07002
United States

**Shipping Speed:**
Standard Shipping

### Payment information

**Payment Method:**
Visa | Last digits: 0155

**Billing address**
MIKE
11 Library Ct
bayonne, NJ 07002
United States

| | |
|---|---|
| Item(s) Subtotal: | $15.69 |
| Shipping & Handling: | $0.00 |
| | ----- |
| Total before tax: | $15.69 |
| Estimated tax to be collected: | $1.04 |
| | ----- |
| **Grand Total:** | **$16.73** |

**Credit Card transactions**

Visa ending in 0155: February 28, 2021: $16.73

To view the status of your order, return to Order Summary.

Conditions of Use | Privacy Notice © 1996-2021, Amazon, Inc. or its affiliates

# EXHIBIT D

# USPS Tracking®

FAQs ›

## Track Another Package ➕

**Tracking Number:** 9402136895232722336232

Remove ✕

Your item was delivered to an individual at the address at 2:56 pm on March 19, 2021 in FAIR LAWN, NJ 07410. The item was signed for by O ALBANO.

**USPS Tracking Plus™ Available** ⌄

## ✓ Delivered, Left with Individual

March 19, 2021 at 2:56 pm
FAIR LAWN, NJ 07410

Feedback

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Proof of Delivery** ⌄

---

**Tracking History** ⌄

---

**USPS Tracking Plus™** ⌄

---

**Product Information** ⌄

---

**See Less** ⌃

# EXHIBIT E

Inquiry from Amazon customer

**Shop Online LLC - Amazon Marketplace** <27plm9zsvxkkz0q@marketplace.amazon.com>

to me ▾

Sun, Apr 11, 1:56 PM



You have received a message from the Amazon Seller - Shop Online LLC

hi we don't sell zebra items which items is your tell us we look in to it thank you

Did this solve your problem?

| Yes | No |

Report questionable activity

Copyright 2021 Amazon, Inc, or its affiliates. All rights reserved. Amazon.com, 410 Terry Avenue North, Seattle, WA 98109-5210

For Your Information: To help protect the trust and safety of our marketplace, and to help arbitrate potential disputes, we retain all messages buyers and sellers send through Amazon.com for two years. This includes your response to the message above. Amazon.com uses filtering technology to protect buyers and sellers from possible fraud. Messages that fail this filtering will not be transmitted.

We want you to buy with confidence anytime you purchase products on Amazon.com. Learn more about Safe Online Shopping and our safe buying guarantee.

 **Eric Landau** <ericslandau@gmail.com>

---

## Fwd: Inquiry from Amazon customer Fred
1 message

---

**amazon seller** <bestpricehookah@gmail.com>
To: Erick Attorney <ericslandau@gmail.com>

Tue, Jul 6, 2021 at 7:29 PM

Feel free to reach us at any time

Begin forwarded message:

> **From:** FCM ONLINE LLC - Amazon Marketplace <8tbbqx1qm6cv2gb@marketplace.amazon.com>
> **Date:** July 2, 2021 at 1:50:08 PM EDT
> **To:** bestpricehookah@gmail.com
> **Subject: Inquiry from Amazon customer Fred**
> **Reply-To:** FCM ONLINE LLC - Amazon Marketplace <8tbbqx1qm6cv2gb@marketplace.amazon.com>



---

### You have received a message from the Amazon Seller - FCM ONLINE LLC

Order ID: 113-8723150-0748267

---

| Count | Product Name and ASIN |
|---|---|
| 1 | 100 Color Male Hookah Hose Mouth Tips, with Round Mouthpiece<br>ASIN: B01KR7U92Y |

---

**Hello, I will delete whatever number you send.**

**than you**

---

Did this solve your problem?

Yes                    No                                        Report questionable activity

---

                                 

Copyright 2021 Amazon, Inc, or its affiliates. All rights reserved. Amazon.com, 410 Terry Avenue North, Seattle, WA 98109-5210